UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. AHN, M.D., <br><br>**Plaintiff,**<br><br>v.<br><br>**CIGNA HEALTH AND LIFE INSURANCE COMPANY, JANE DOES 1-10, AND ABC CORPORATIONS 1-10,**<br><br>**Defendants.** | Civ. No. 19-07141 (KM)(JBC) <br><br> **OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the court on the motion of defendant Cigna Health & Life Insurance ("Cigna") to dismiss the complaint for failure to state a claim on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 4). The plaintiff, Jeffrey M. Ahn, M.D., asserts claims under New Jersey common law for defamation *per se*, defamation, and tortious interference. His claims are based on Explanation of Benefits forms ("EOBs"), sent to Dr. Ahn's patients by Cigna, which allegedly contain false statements to the effect that Dr. Ahn is not a licensed medical doctor. Alternatively, Cigna moves for summary judgment pursuant to Fed. R. Civ. P. 12(d) and 56, and for a more definite statement under Fed. R. Civ. P. 12(e).

For the reasons explained below, Cigna's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted in part and denied in part; its motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) is denied; and its motion for a more definite statement under Fed. R. Civ. P. 12(e) is denied.

1

## I. Background[1]

The plaintiff, Dr. Jeffrey M. Ahn, M.D., is an otolaryngologist who treats patients in the New York and New Jersey regions. (Compl. ¶1). Defendant Cigna is a corporation whose headquarters is located in Philadelphia, Pennsylvania. (Compl. ¶2). Now and at all relevant times, Dr. Ahn was licensed by the New Jersey Board of Medical Examiners and the New York Department of Health to practice medicine. (Compl. ¶¶8–9). Information on licensing for medical providers can be verified by going to the New Jersey Division of Consumer Affairs website and the New York Department of Health website. (Compl. ¶¶19–20).

At issue here are certain EOBs sent to Dr. Ahn's patients who had health insurance through Cigna or a plan administered by Cigna. (Compl. ¶10). Dr. Ahn alleges that on or about 46 different occasions, starting from October 21, 2014, Cigna denied payments to Dr. Ahn for services he provided. The EOBs stated that the claims were denied because Dr. Ahn was not licensed to practice medicine. (Compl. ¶11). Twenty-two of those denials occurred within one year preceding the filing of Dr. Ahn's complaint. (Compl. ¶14).

Specifically, on EOB sheet provided to Dr. Ahn's patients, Cigna denied payment based on Code "AO" or Code "XB2." Code AO is accompanied by the following narrative explanation:

---

[1] The allegations of the complaint, for purposes of the motions to dismiss, are assumed to be true. *See* Section II.A, *infra*. For ease of reference, certain key items from the docket will be abbreviated as follows:

| | | |
|---|---|---|
| "Compl." | = | Complaint [DE 1-1, copy at DE 4-1]. |
| "Motion" | = | Cigna's Memorandum of Law in Support of its Motion to Dismiss, or in the alternative, for Summary Judgment, and for a more Definite Statement [DE 4-2] |
| "Opp." | = | Plaintiff's Opposition to Cigna's Motion to Dismiss [DE 7] |
| "Reply" | = | Cigna's Reply in support of its Motion to Dismiss [DE 8] |
| "Removal" | = | Cigna's Notice of Removal [DE 1] |

2

> Health Care Professional: The patient's Cigna-administered plan doesn't allow payment of claims for services rendered by unlicensed health care professional or entities. Customer: See the definitions and/or exclusions pages of your Cigna-administered plan document. We can't pay a claim if the health care professional is not licensed. You should always check to be sure an out-of-network health care professional is licensed before receiving services.

(Compl. ¶ 16). Code XB2 provides that the Cigna-administered plan "doesn't allow payment of claims for services rendered by unlicensed health care professional or entities." (Compl. ¶17).

Dr. Ahn alleges that on at least one occasion, he notified Cigna that the codes were incorrect and were causing him harm. (Compl. ¶12). Cigna allegedly acknowledged that the statements on the EOBs were untrue and needed to be corrected. Cigna continued, however, to print the incorrect codes on EOBs. (Compl. ¶13). Dr. Ahn alleges that he has been wrongfully denied payment in the amount of $14,112.00 for medical services rendered. His practice, he says, has suffered financially. (Compl. ¶25). And as a result of Cigna's actions, he alleges, his reputation has been damaged, especially among the primarily Asian-American community his practice caters to. (Compl. ¶¶24, 26).

Dr. Ahn filed a complaint against Cigna in New Jersey Superior Court alleging defamation *per se*, defamation, and tortious interference. Cigna properly removed this action based on diversity of citizenship. *See* 28 U.S.C. § 1332(a); Removal at 2. Dr. Ahn seeks to be reimbursed not just for unpaid services in the amount of $14,112.00, but also for the damage done to his reputation, and lost profits and business opportunities in a total amount to be determined at trial, but no less than $2,000,000, and punitive damages in the amount of $1,000,000.

## II. Discussion

### A. Legal standard

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to

3

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings. However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[.]" *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and

citations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In that regard, courts may consider matters of public record and exhibits attached to the complaint. *Schmidt*, 770 F.3d at 249 ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (court may consider documents referenced in complaint that are essential to plaintiff's claim).

Reliance on these types of documents does not convert a motion to dismiss into a motion for summary judgment. "When a complaint relies on a document . . . the plaintiff obviously is on notice of the contents the document, and the need for a chance to refute evidence is greatly diminished." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196–97 (3d Cir. 1993).

If the documents cannot legitimately be considered within the confines of 12(b)(6), however, the court may convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). A court has complete discretion on determining whether to accept material beyond the pleadings in connection with a 12(b)(6) motion. *See Exel v. Govan*, No. CIV. 12-4280 RBK/KMW, 2014 WL 252699, at *5 (D.N.J. Jan. 23, 2014). A key consideration is that "a motion should not be converted 'when little or no discovery has occurred.'" *Id.* (quoting *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000)). This is because "by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 40 F.3d 252, 257 (3d Cir. 2007). A party may oppose summary judgment "by demonstrating that it has not had an adequate opportunity to conduct discovery." *Levine v. Bank Alt LLC*, No. CV 18-6400 (KM), 2018 WL 6573477, at *3 (D.N.J. Sept. 25, 2018); Fed. R. Civ. P. 56(d).

District courts are rarely justified in granting summary judgment if discovery is incomplete, unless the outstanding discovery requests pertain to immaterial facts. *See O'Toole v. Tofutti Brands, Inc.*, 203 F. Supp. 3d 458, 464–65 (D.N.J. 2016). Although the Federal Rules of Civil Procedure permit early motions for summary judgment, they are commonly made after fact discovery has been completed. *Levine*, 21018 WL 6573477, at *3.

### B. Rule 12(d) Motion for Summary Judgment

As an alternative to dismissal under Fed. R. Civ. P. 12(b)(6), Cigna moves to convert its motion to one for summary judgment under Rule 12(d). Because a grant of that application would alter the entire analysis, I discuss it first.

Cigna has concededly complied with the procedures of Rule 12(d), in that it has placed Dr. Ahn on notice that he was potentially facing a motion for summary judgment. *See Reyes v. Sobina*, 333 F. App'x 661, 662 n.1 (3d Cir. 2009). Cigna submits the Declaration of Linda Halik ("Halik Decl."), who is the Fraud Senior Supervisor at Cigna, along with five exhibits, as well as a Rule 56.1 statement of undisputed facts. (*See* DE 4-5, 4-4). Ms. Halik states that Cigna conducted a search for all claims submitted between October 28, 2016 and February 2019 for services provided by Dr. Ahn which were denied based on review codes "AO" or "XB2." That search yielded only five separate claims denying payment for services rendered by Dr. Ahn based on codes AO or XB2. (*See* Halik Decl., ¶¶ 3–5). Those five claims were related to health insurance plans sponsored by employers which, according to Cigna, are covered by ERISA (a fact of consequence to its preemption defense).

Cigna urges that these facts require summary judgment in its favor. I will, however, deny the motion for summary judgment as premature, because the record is undeveloped. Dr. Ahn has alleged that the actionable statements appear in 46 EOBs. Those documents are not before the Court, which can neither assess the truth of the allegations nor even determine whether all of them (as opposed to the five highlighted by Cigna) relate to plans covered by

ERISA. The discrepancy in the parties' positions as to the number of EOBs involved is unexplained and unexplored.

In short, this is not the rare case in which the Court will consider summary judgment in advance of discovery. *See Exel v. Govan, supra; see also Doe v. Abington Friends Sch., supra; Levine v. Bank Alt LLC, supra; O'Toole v. Tofutti Brands, Inc., supra.* I will deny Cigna's Rule 12(d) application to convert its motion to dismiss to a motion for summary judgment.[2]

### C. ERISA Preemption

I therefore analyze Cigna's application under Rule 12(b)(6) as a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Cigna argues that Dr. Ahn's claims should be dismissed because they are preempted by ERISA.

I cannot decide the ERISA preemption issue at this time, if only because I cannot determine from the Complaint which of the 46 allegedly defamatory EOBs relate to Cigna's administration of plans covered by ERISA. Cigna asserts that it was able to identify only five EOBs containing the allegedly defamatory codes for medical services provided by Dr. Ahn, and that each of those five involved an ERISA-covered employee health plan. For the reasons expressed above, however, I am not considering the Halik Declaration. And in any event, the Declaration would not settle the issue as to the remaining 41 EOBs cited in the complaint.

ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines*, 463 U.S. 85, 90 (1983) (citations omitted). ERISA may preempt state laws in two "separate but related" ways. *Pryzbowski v. U.S. Healthcare, Inc.*,

---

[2] In response to Cigna's Rule 12(d) application, Dr. Ahn inadvisedly resorts to bluster, arguing that the Court may treat the motion as one for summary judgment and award judgment, not to Cigna, but to himself. (Dr. Ahn has not moved for summary judgment, however.) *See* Reply at 9. In the interest of justice, the Court will wait until the conclusion of fact discovery to consider either side's motion for summary judgment.
7

245 F.3d 266, 270 (3d Cir. 2001). Section 502(a), 29 U.S.C. § 1132(a), enacts "complete" preemption, and Section 514(a) of ERISA, 29 U.S.C. § 1144(a), creates "express" preemption. *Id.* Cigna argues that Dr. Ahn's complaint is expressly preempted pursuant to Section 514(a).

Section 514(a) provides that ERISA will "supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). A law "relates to" an employee benefit plan, in the normal sense of the phrase: that is, "if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96–97. The preemption provisions of ERISA are deliberately expansive, and extend to state common law claims that relate to employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed. 2d 39 (1987). Moreover, the Third Circuit "has routinely held that claims against healthcare companies for denial of benefits, regardless of the particular language or label used by the plaintiff, are expressly preempted." *Fritzky v. Aetna Health, Inc.*, No. CIV.A.08-5673(WJM), 2009 WL 2905374, at *6 (D.N.J. Sept. 4, 2009) (citing *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 278 (3d Cir. 2001) (finding that suits alleging common law negligence or breach of contract are preempted by § 514(a)).

Although ERISA preemption is far-reaching, the Supreme Court has also "addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law." *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Inc. Co.*, 514 U.S. 645, 654, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995). Thus, even though "[t]he governing text of ERISA is clearly expansive," *id.* at 655, preemption does not apply if the state claim "has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n.1, 113 S. Ct. 580 (1992).

The complaint alleges three causes of action against Cigna: defamation *per se*, defamation, and tortious interference. To the extent those claims relate

8

to EOBs under ERISA-covered health plans (not yet established, *see supra*), it will be necessary to perform a preemption analysis.

As to claims based on nonpayment or underpayment of claims, the preemption issue may be straightforward. *See Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*, No. CIV A 06-928, 2007 WL 2416428, at *7 (D.N.J. Aug. 20, 2007) (finding that ERISA preempted state law claims of unjust enrichment, tortious interference, and violation of New Jersey Consumer Fraud Act because the claims all relate to the underpayment of benefits under an ERISA-governed benefit plan). As to claims of damage to reputation from defamation, it may be less so.

All of the above, however, assumes *arguendo* that the EOBs related to an ERISA-covered plan. To the undetermined extent that Dr. Ahn's claims relate to non-ERISA plans, preemption will not come into play at all. Cigna's motion to dismiss on the basis of ERISA preemption is therefore DENIED. I will defer consideration of the preemption issue until the summary judgment stage.

### D. Defamation: Statute of Limitations

Dr. Ahn raises claims of defamation *per se* and defamation, based on Cigna's placing of review code AO or XB2 on the EOBs. Cigna argues that defamation claims are time-barred to the extent that they are based on statements made prior to January 18, 2018. (*See* Motion at 24–25). I agree.

The statute of limitations for defamation is one year: "Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander." N.J. Stat. Ann. § 2A: 14-3. The one-year limitations period stops running when an action is commenced by the filing a complaint with the court. *Id.*; *see also Rogers v. Dubac*, 52 N.J. Super. 360, 362, 145 A.2d 519, 520 (Law Div. 1958). Dr. Ahn filed his Complaint in the Superior Court of New Jersey, Law Division, Bergen County on January 18, 2019. (*See* Removal). Hence any action for defamation that accrued prior to January 18, 2018 is barred by the statute of limitations.

The next question is whether the statute of limitations can be applied to the facts of this case based on the face of the complaint. The statute of limitations is of course an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Nevertheless, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds, when the statute's applicability "is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) *see also Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).

This is such a case. The complaint alleges that Cigna published defamatory statements about Dr. Ahn on at least 46 occasions, beginning October 21, 2014. Probably in anticipation of a statute of limitations defense, the Complaint alleges that 22 of those denials occurred within the year preceding the filing of the Complaint. (Compl. ¶¶ 11, 14). This action is therefore limited to those 22 denials; the rest are time-barred. *See Demetro v. Nat'l Ass'n of Bunco Investigations*, No. CV146521KMSCM, 2017 WL 3923290, at *10 (D.N.J. Sept. 7, 2017) (holding that any action for defamation that accrued more than one year prior to the date the original complaint in the action was filed was barred by the statute of limitations).

Cigna's motion to dismiss any claims of defamation *per se* or defamation, to the extent they are based on statements made prior to January 18, 2018, is GRANTED.

### E. Motion for More Definite Statement

Cigna moves in the alternative to compel Dr. Ahn to provide a more definite statement of the Complaint's allegations, pursuant to Fed. R. Civ. P. 12(e). Dr. Ahn says Cigna, must be required to identify the specific claims at issue by date and claim number so that the allegedly defamatory EOBs can be determined with precision. (*See* Motion at 25–26).

Under Rule 12(e), a defendant may move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party must "point out

10

the defects complained of and the details desired." *Id.* In the Third Circuit, a Rule 12(e) motion should be granted when the "pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736–37 (D.N.J. 2008) (internal citation and quotation marks omitted). The function of Rule 12(e) is not "to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery," but to address an unintelligible complaint. *Id.*

I find that Dr. Ahn's complaint is not unintelligible or so vague that a more definite statement is required. Although the complaint could have provided more detailed information, the allegations are clear enough. Rather than bog down this case in motion practice over the adequacy of pleadings, Cigna may easily serve document requests and interrogatories to identify the particular EOBs in question.

Cigna's Rule 12(e) motion for a more definite statement is therefore DENIED.

## III. Conclusion

For the reasons set forth above, I will grant in part and deny in part Cigna's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), deny Cigna's motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), and deny Cigna's motion for a more definite statement under Fed. R. Civ. P. 12(e).

An appropriate order follows.

Dated: October 21, 2019

_____
Kevin McNulty
United States District Judge

11