Adam N. Saravay
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-2023
asaravay@mccarter.com

*Attorneys for Defendant,*
*Cigna Health & Life Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFFREY M. AHN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, JANE DOES 1–10, and ABC CORPORATIONS 1–10, <br> Defendants. | Docket No.: 2:19-cv-07141 (KM) (JBC) <br><br> **ANSWER AND SEPARATE DEFENSES** |

Defendant Cigna Health and Life Insurance Company ("Defendant" or "Cigna'), by way of answer to the numbered paragraphs of the Complaint, states as follows:

### THE PARTIES

1.    Cigna admits that Dr. Ahn is not an in-network provider for the Cigna-administered health benefit plans at issue in this case.  On information and belief, Dr. Ahn is a physician who treats patients in New Jersey and New York at locations including 1485 Palisade Avenue in Fort Lee, New Jersey. Cigna lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 1.

2.     Cigna admits that it is a corporation.  Cigna denies that its headquarters are located at 1601 Chestnut Street, Philadelphia, Pennsylvania.  Cigna admits that it administers employee health benefit plans for New Jersey residents and regularly pays claims for medical services rendered in New Jersey.

3.     Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 3.

## JURISDICTION AND VENUE

4.     Cigna admits on information and belief that Defendant provides services in an office in Bergen County, New Jersey, denies that any defamatory statements were made, and lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 4.

5.     Cigna admits that venue lies in this Court.

6.     Cigna admits that this Court has jurisdiction over this action, as set forth in Cigna's Notice of Removal (ECF No. 1), and that venue is proper here.

## FACTUAL BACKGROUND

7.     Denied, except that Cigna admits that this action arises out of explanations of benefits Cigna provided to beneficiaries of Cigna-administered employee health benefit plans in connection with the determination of claims submitted for services provided by Dr. Ahn.

8.     Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 8, except that Cigna admits, on information and belief, that Dr. Ahn has been licensed in New Jersey at certain times.

ME1 31814963v.2

9.      Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 9, except that Cigna admits on information and belief that Dr. Ahn has been licensed in New York at certain times.

10.     Cigna admits that Plaintiff was a non-participating or out-of-network provider. Cigna admits that claims were submitted for services provided by Dr. Ahn to beneficiaries of Cigna-administered employee health benefit plans.  Cigna lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 10.

11.     Denied, except that Cigna admits that it has denied claims for services provided by Dr. Ahn between October 21, 2014 and the present.  To the extent paragraph 11 purports to characterize portions of documents sent by Cigna to beneficiaries of Cigna-administered employee health benefit plans, those documents speak for themselves, and Cigna refers to them for their complete and accurate contents.

12.     Denied, except that Cigna admits that Dr. Ahn advised Cigna that he had was licensed and had received an EOB with an inaccurate denial code.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied, except that Cigna admits that it sent EOB forms to some patients who submitted claims for services provided by Dr. Ahn with a denial code of "A0" (not "AO") and that some EOBs for a claim denied based on code "A0" contain the language set forth in paragraph 16.  Cigna states that, to the extent paragraph 16 purports to characterize portions of documents sent by Cigna to beneficiaries of Cigna-administered employee health benefit plans,

-3-

those documents speak for themselves, and Cigna refers to them for their full and complete contents.

17.     Denied, except that Cigna admits that it sent EOB forms to some patients who submitted claims for services provided by Dr. Ahn with denial code "XB2" and that some EOBs for a claim denied based on code "XB2" contain the language set forth in paragraph 17.  Cigna states that, to the extent paragraph 17 purports to characterize portions of documents sent by Cigna to beneficiaries of Cigna-administered employee health benefit plans, those documents speak for themselves, and  Cigna refers to them for their full and complete contents.

18.     Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 18, except that Cigna admits, on information and belief, that Dr. Ahn has been licensed in New York and in New Jersey at certain times.

19.     Cigna denies the allegations in paragraph 19.

20.     Cigna denies the allegations in paragraph 20.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied, except that Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 24 that Dr. Ahn's practice caters to a primarily Asian-American populace.

25.     Denied, except that Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 25 concerning Dr. Ahn's revenue.

26.     Denied.

-4-

ME1 31814963v.2

-5-

## FIRST CAUSE OF ACTION

27.    Cigna incorporates by reference and realleges its responses to paragraphs 1–26 as if set forth fully herein.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## SECOND CAUSE OF ACTION

32.    Cigna incorporates by reference and realleges its responses to paragraphs 1–31 as if set forth fully herein.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

## THIRD CAUSE OF ACTION

38.    Cigna incorporates by reference and realleges its responses to paragraphs 1–37 as if set forth fully herein.

39.    Cigna lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39.

40.    Denied.

41.    Denied.

-5-

ME1 31814963v.2

42.     Cigna admits that it is not a party to any contract between Plaintiff and Plaintiff's patients.  Cigna lacks knowledge or information sufficient to form a belief about whether such contracts exist.

43.     Denied.

44.     Denied.

45.     Denied.

## PRAYER FOR RELIEF

**WHEREFORE** Cigna respectfully demands a judgment denying Dr. Ahn the relief he seeks, dismissing Plaintiff's claims in full, and awarding Cigna its attorney's fees and costs.

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Dr. Ahn under applicable law, Cigna asserts the following separate defenses and expressly reserves and does not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Dr. Ahn's claims are preempted by the federal Employee Retirement and Income Security Act ("ERISA").

ME1 31814963v.2

## THIRD AFFIRMATIVE DEFENSE

Dr. Ahn's claims are barred by waiver because he did not have the claims at issue resubmitted and reprocessed.

## FOURTH AFFIRMATIVE DEFENSE

Dr. Ahn consented to Cigna making statements to patients in Explanations of Benefits about the determinations of the claims that were submitted for payment and to the claims processing procedure, including the mechanisms for resubmitting or appealing claims determinations and correcting any allegedly erroneous determinations.

## FIFTH AFFIRMATIVE DEFENSE

Cigna's statements regarding the determination of claims are protected by absolute or qualified privilege, particularly in the context of the claims processing procedures established in the applicable plans.

## SIXTH AFFIRMATIVE DEFENSE

Dr. Ahn had no reasonable expectation of economic advantage.

## SEVENTH AFFIRMATIVE DEFENSE

Cigna did not act with intent or malice.

## EIGHTH AFFIRMATIVE DEFENSE

Dr. Ahn's claims are barred by the statute of limitations and/or the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Any alleged decline in revenue or alleged loss in profit was not caused by Cigna.

## ELEVENTH AFFIRMATIVE DEFENSE

Dr. Ahn has failed to mitigate his damages, if any.

-7-

ME1 31814963v.2

### TWELFTH AFFIRMATIVE DEFENSE

Dr. Ahn's claims for punitive damages are barred by and/or subject to the limitations of the New Jersey Punitive Damages Act and the state and federal constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Dr. Ahn's damages, if any, are barred in whole or in part by the doctrine of avoidable consequences.

### FOURTEENTH AFFIRMATIVE DEFENSE

Dr. Ahn's claims are barred, in whole or in part, by the terms of the benefits plans governing the claims that were submitted for payment.

### FIFTEENTH AFFIRMATIVE DEFENSE

In processing the claims that were submitted for payment, Cigna acted in accordance with its rights under the terms of the benefits plans, which were equal or superior to any contractual or common-law right claimed by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Dr. Ahn's claims are barred in whole or in part under the doctrines of setoff and estoppel because he was overpaid for claims as a result of improper billings.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Dr. Ahn's claims are barred in whole or in part by a failure to exhaust administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Dr. Ahn lacks standing to assert some of his claims.

### NINETEENTH AFFIRMATIVE DEFENSE

Cigna did not abuse its discretion in denying the reimbursement claims submitted for

-8-

-9-

services provided by Dr. Ahn.

## TWENTIETH AFFIRMATIVE DEFENSE

The Sutton Ambulatory Surgery Center was not licensed as an ambulatory surgery center and did not otherwise meet the criteria for a free-standing surgical center.

Defendant reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, and an award of costs and attorneys' fees for the defense of this action.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant

By: _/s/Adam N. Saravay_____
      Adam N. Saravay

Dated:  November 4, 2019

-9-

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McCARTER & ENGLISH, LLP
Attorneys for Defendant


By:    /s/Adam N. Saravay_____
        Adam N. Saravay

-10-

ME1 31814963v.2