<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. AHN, M.D., | |
| Plaintiff, | No. 19cv7141 (EP) (JBC) |
| v. | OPINION |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | |

**PADIN, District Judge.**

Plaintiff Dr. Jeffrey M. Ahn brings common law claims for defamation *per se* (Count I), defamation (Count II), and tortious interference (Count III) stemming from Defendant Cigna Health and Life Insurance Company's ("Cigna") incorrect statements on patient notifications that certain claims were denied because Dr. Ahn was not licensed to practice medicine. D.E. 1 ("Complaint" or "Compl."). Cigna moves for summary judgment on all three counts under Fed. R. Civ. P. 56(a), arguing that Dr. Ahn's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and in any event, he cannot prove actual damages. D.E. 84-1 ("Motion" or "Mot."). The Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the reasons explained below, the Court will **GRANT** Cigna's Motion.

I.      **FACTUAL BACKGROUND**[1]

Dr. Ahn is an otolaryngologist who is licensed to practice medicine in New Jersey and New York. Dr. Ahn Facts ¶ 1. Dr. Ahn is an out-of-network provider for Cigna, but has treated patients who received insurance through Cigna and Cigna-administered plans. Cigna Facts ¶¶ 8, 10. In these cases, Dr. Ahn submits claims to Cigna seeking payment for his out-of-network services. *Id.* ¶ 10.

After a provider submits a claim for payment, Cigna provides written notice to patients in the form of an "Explanation of Benefits" ("EOB"), which explains to patients why their claims were denied.[2] Cigna Facts ¶ 14. Cigna sent EOBs to patients with billing codes that stated their claims were denied, at least in part, because Cigna did not pay for services rendered by unlicensed health care professionals—*i.e.*, that Dr. Ahn was not licensed to practice medicine. *See* Dr. Ahn Facts ¶¶ 16-18. For example, Cigna Code "AO" stated:

---

[1] The facts are drawn from Cigna's Statement of Material Facts, D.E. 85 ("Cigna Facts"); Dr. Ahn's Responsive Statement of Material Facts, D.E. 87 ("Dr. Ahn Facts"); Dr. Ahn's Additional Statement of Material Facts, D.E. 87 at 15 ("Dr. Ahn Additional Facts"); and the exhibits referenced in these submissions. "[A] party asserting a fact is (or cannot be) genuinely disputed must support the assertion by (A) 'citing to particular parts of materials in the record . . .' or (B) 'showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" *Dor v. TD Bank*, No. 21-18955, 2023 WL 9017558, at *9 (D.N.J. Dec. 29, 2023) (quoting Fed. R. Civ. P. 56(c)(1)). Additionally, where parties opposing summary judgment disagree with the movant's statement of material facts, "they must indicate 'each material fact in dispute and cit[e] to the affidavits and other documents submitted in connection with the motion.'" *Id.* (quoting L. Civ. R. 56.1(a)). Facts unsupported by citations to record evidence are not considered, and responses that do not cite to record evidence are deemed admissions. *See Vorhies v. Randolph Township Bd. of Educ.*, No. 16-587, 2020 WL 278761, at *1 n.2 (D.N.J. Jan. 16, 2020). A standalone fact without reference to a dispute denotes that the Court has deemed the factual allegation undisputed.

[2] Plaintiff notes that Cigna also sends EOBs when they approve claims. Dr. Ahn Facts ¶ 14. Providing written notice to patients whose claims were denied, including the specific reasons for the denial, is a requirement under ERISA. *See* 29 U.S.C. § 1133(1).

> Health Care Professional: The patient's Cigna-administered plan doesn't allow payment of claims for services rendered by unlicensed health care professional [sic] or entities. Customer: See the definitions and/or exclusions pages of your Cigna-administered plan document. We can't pay a claim if the health care professional is not licensed. You should always check to be sure an out-of network health care professional is licensed before receiving services.

Compl. ¶ 16.

During discovery, Dr. Ahn produced a list (the "EOB List") of 50 claims from 30 patients that were denied at least in part because Cigna included a billing code that stated or implied Dr. Ahn was unlicensed. Cigna Facts ¶¶ 15-16 (citing D.E. 84-1 Weingart Decl., ¶¶ 3-4, Ex. B). The date of service of these claims ranged from January 2014 through December 2019. *Id.*[3]

Dr. Ahn told Cigna of their error as early as 2017 and that it was causing him harm, yet they continued to send EOBs with false information. Dr. Ahn Additional Facts ¶¶ 5-6 (citing D.E. 86-1, Mitchell Decl., Ex. C). Dr. Ahn recalls conversations with two patients about EOBs that referred to unlicensed providers. Cigna Facts ¶ 25. Both patients continued to seek services from Dr. Ahn after receiving the allegedly defamatory EOBs. Cigna Facts ¶¶ 26, 31 (citing Weingart Decl., ¶¶ 6, 12, Ex. G). Dr. Ahn does not identify a single patient who communicated with him about whether they would use his services again, nor does Dr. Ahn identify any beneficiary or participant in any Cigna-administered plan who told him that they would cease receiving his medical services because they received an EOB referring to unlicensed providers. Dr. Ahn Facts ¶¶ 32-33. Yet, the parties disagree on whether any patient stopped seeing Dr. Ahn because of an EOB referring to unlicensed providers. Cigna points to the fact no patient explicitly told Dr. Ahn

---

[3] This case was reassigned from the Honorable Kevin McNulty, U.S.D.J., to the undersigned, on June 28, 2022. As Judge McNulty wrote in his Opinion, D.E. 11, granting in part and denying in part Cigna's motion to dismiss, Dr. Ahn's defamation claims arising from EOBs sent more than one year prior to the filing of the Complaint are barred by the one-year statute of limitations under N.J. Stat. Ann § 2A: 14-3. *See* D.E. 11 at 9. Because the Complaint was filed on January 18, 2019, all EOBs dated prior to January 18, 2018 are time-barred. *Id.*

3

that they would not return because of the EOB. *See* Cigna Facts ¶ 36. On the other hand, Dr. Ahn argues by implication that the 14 patients who received an allegedly defamatory EOB and who did not return to his practice did so because of the EOB. Dr. Ahn Facts ¶ 36.

Dr. Ahn seeks reimbursement for unpaid services in the amount of $14,112.00. Compl. at 7. In addition, as a result of Cigna's statements, Dr. Ahn alleges he has suffered damage to his reputation, and lost profits and business opportunities of at least $2,000,000. *Id.* He also seeks an additional $1,000,000 in punitive damages. *Id.*

## II.     PROCEDURAL BACKGROUND

Cigna properly removed this action based on diversity of citizenship[4] from New Jersey Superior Court, Bergen County, on February 27, 2019. D.E. 1 at 2. Fact discovery concluded on October 31, 2022. D.E. 58. Defendants filed their Motion on June 24, 2024. Mot.

In opposition, Dr. Ahn drops his defamation and tortious interference claims, leaving only the defamation *per se* claim. D.E. 86 ("Opposition" or "Opp'n"). Cigna replies. D.E. 88 ("Reply").

## III.    LEGAL STANDARD

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* (citing *Anderson*, 477 U.S. at 248).

---

[4] *See* 28 U.S.C. § 1441(6).

Under Rule 56, a court must view the evidence presented in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255. However, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment," *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002), and statements of undisputed material facts may not "primarily rely on speculation and legal conclusions" or "fail[] to genuinely dispute the facts[.]" *Buxton v. Dougherty*, 821 F. App'x 70, 71 n.2 (3d Cir. 2020).

The movant bears the initial responsibility to establish the basis for the motion for summary judgment and to identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party's initial burden can be met simply by "pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

After the moving party has met its initial burden, the non-moving party must set forth specific facts showing that there is a genuinely disputed factual issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). Unsworn allegations in memoranda and pleadings or allegations questioning the credibility of witnesses are insufficient to defeat a properly supported summary judgment motion. *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

IV. **ANALYSIS**

Because Dr. Ahn abandoned his defamation and tortious interference claims, the only remaining count is his defamation *per se* claim. Opp'n at 5. Cigna argues that Dr. Ahn's defamation *per se* claim fails because it is preempted by ERISA. Mot. at 12-27. Cigna also argues Dr. Ahn's claim fails on the merits or is limited to nominal damages because he cannot show actual or general damages during the period covered under the statute of limitations. Mot at 28-39; Reply at 1. For the reasons explained below, the Court will **GRANT** Cigna's Motion.

A. **All Relevant Claims Are From ERISA Plans**

The parties purport to dispute whether all claims on the EOB List were from ERISA plans. Cigna maintains that all but "one of these plans expressly states that the plan is governed by ERISA, include information required by ERISA (including the plan sponsor's Employer Identification Number), and explain beneficiaries' rights under ERISA (including the right to bring an action under ERISA § 502(a), 29 U.S.C. § 1132(a))." Cigna Facts ¶¶ 21-22 (citing D.E.s 84-2-5, Exs. to Kahler Decl.). Cigna contends that the one remaining plan that does not expressly reference ERISA, D.E. 84-2, Ex. 54 (for JP Morgan Chase & Co.), is still governed by ERISA because the plan was established or maintained by an employer for the purpose of providing participants or their beneficiaries with medical benefits. Reply at 4 n.1. Cigna additionally avers that the EOB corresponding to this plan was issued prior to January 18, 2018, and therefore, any claims arising from that EOB are time-barred. *Id.*

Without citing to any record evidence, Dr. Ahn disputes that the plans are governed by ERISA for multiple reasons, including that he "does not see the language referenced in each of the exhibits" that shows the claims are ERISA plans and that Cigna "only selected excerpts of each plan." Dr. Ahn Facts ¶ 21. Additionally, Dr. Ahn states, without citation to the record, that it takes more to be an ERISA plan that "merely stating you are one." *Id.* ¶ 22. He also contends that Cigna

fails to prove compliance with ERISA's requirement that plans "must file form 5500 with the Department of Labor each year, along with a Summary Annual Report," and therefore it is not clear whether these plans are governed by ERISA. *Id.*

In Reply, Cigna maintains that Exhibits 51-73 to their Motion, which are cited in their Statement of Material Facts, clearly prove that the EOBs come from ERISA-governed plans. Reply at 2. They also argue Dr. Ahn has admitted these facts for two reasons: (1) because he fails to cite any records or evidence to support his disagreements, Reply at 2-3; and (2) because he

> [D]oes not expressly dispute the central factual assertion—that the beneficiaries who received the EOBs are correctly matched to account numbers for plans, that each of these plans was established or maintained by an employer for the purpose of providing health benefits to its employees and their family members, and that the plan documents for each of those plans indicates that the plan is governed by ERISA and includes ERISA-mandated disclosures.

*Id.* at 4.

ERISA governs any "employee benefit plan" that is "established or maintained" by any employer engaged in commerce or in any industry or activity affecting commerce or by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). Under ERISA, an "employee benefit plan" includes "employee welfare benefit plans," 29 U.S.C. § 1003(3), which in turn is defined as "any plan, fund, or program which was . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness." *Id.* § 1002(1).

"ERISA's stated goal was 'to promote the interests of employees and their beneficiaries in employee benefit plans' by ensuring benefit plans were well managed and would not leave plan participants short-changed." *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 225

7

(3d Cir. 2020) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983)).  To achieve this goal, ERISA "sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility, for both pension and welfare plans." *Id.* at 91.

After reviewing the relevant exhibits, the Court finds that each plan at issue indisputably "was established or maintained by an employer for the purpose of providing such benefits." Mot. at 13 (citing Cigna Facts ¶ 20).  The plans are all employee welfare benefit plans that provide medical-related benefits to beneficiaries.  At least one plan for every account sponsor, except for JP Morgan Chase & Co.,[5] expressly includes ERISA-related information throughout the plans, as required by ERISA.  *See e.g.*, D.E. 84-3 at CIGNA002126 ("The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative.").  The excerpts in the record from Cigna provided Dr. Ahn ample opportunity to determine these plans were governed by ERISA.   The Court is also not persuaded by Dr. Ahn's argument that because Cigna does not prove compliance with a specific obligation under ERISA in their Statement of Material Facts the plans are not ERISA plans.  *See* Dr. Ahn Facts ¶ 22.  The Court therefore concludes that the EOBs at issue—*i.e.*, the EOBs issued on or after January 18, 2018— were made to participants of ERISA-governed plans, and in turn, Dr. Ahn's claims are also governed by ERISA.

In addition, the Court agrees with Cigna that Dr. Ahn has admitted that the EOBs at issue come from ERISA-governed plans.  Dr. Ahn provides no citations to the record to support his opposing view.  *See* Dr. Ahn Facts ¶¶ 20-22.  Under Local Rule 56.1, such failure is deemed an

---

[5] Any claims arising from EOBs sent to beneficiaries of the JP Morgan Chase & Co. plan are time-barred.  Therefore, the Court need not decide whether this plan is governed by ERISA.

admission. *See Vorhies*, 2020 WL 278761, at *1 n.2; *see also 7-Eleven, Inc. v. Sodhi*, No. 13-3715, 2016 WL 3085897, at *2 n.5 (D.N.J. May 31, 2016) (concluding that paragraphs were deemed admitted where defendants "disagreed" without support to the record).

### B. Dr. Ahn's Defamation *Per Se* Claim is Preempted by ERISA

The parties next dispute whether ERISA preempts Dr. Ahn's defamation *per se* claim. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). As explained in *Plastic Surgery Ctr., P.A.*:

> [T]o make clear that ERISA's mandates supplanted the patchwork of state law previously in place and to ensure that plans were not crippled by the administrative cost of complying with not only ERISA, but also innumerable, potentially conflicting state laws . . . Congress enacted section 514(a)—a broad express preemption provision, which 'supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.' 29 U.S.C. § 1144(a). . . . The scope of '[s]tate laws' that may 'relate to' a plan is expansive, encompassing 'all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.' 29 U.S.C. § 1144(c)(1). This includes not only state statutes, but also common law causes of action.

967 F.3d at 226. The Supreme Court has explained the phrase "relate to" is given its common-sense meaning, such that a state law relates to a benefit plan "if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Shaw*, 463 U.S. at 97). Preemption is not limited to state laws "specifically designed to affect employee benefit plans." *Shaw*, 463 U.S. at 98. ERISA preempts any state law that has an "impermissible 'connection with' ERISA plans, meaning a state law that 'governs . . . a central matter of plan administration' or 'interferes with nationally uniform plan administration.'" *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016) (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001)).

Although the preemption provisions of ERISA are "deliberately expansive," *Pilot Life Ins. Co.*, 481 U.S. at 46, the Supreme Court has also noted "that Congress does not intend to supplant state law," *N.Y. State Conf of Blue Cross & Blue Shield Plans*, 514 U.S. at 645, 654 (1995).

9

Namely, preemption does not apply if the state claim "has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n.1 (1992).

Cigna argues that Dr. Ahn's claims are preempted by ERISA because his claims arise from the communication of claim adjudications to plan participants and beneficiaries, which is a central matter of plan administration. Mot. at 16. Specifically, the EOB is the vehicle by which Cigna "discharge[s]" its duty under ERISA to provide notice to patients whose are denied. *Id.* (quoting 29 U.S.C. § 1133(1)). Therefore, statements in the EOB are "'inseparable from [Cigna]'s duty to provide a written explanation of claim denials under ERISA.'" *Id.* (quoting *Port Med. Wellness, Inc. v. Conn. Gen. Life Ins. Co.*, 24 Cal. App. 5th 153, 179 (2018)).

Relatedly, Cigna contends that Dr. Ahn's claims have an impermissible connection with the ERISA plans because they are premised on the existence of those plans. Mot. at 17 (quoting *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 84 (3d Cir. 2012)); *see also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990) (finding that a common law claim for wrongful discharge "relates to" an ERISA plan because the cause of action "is premised on[] the existence of a pension plan").

Although it is not entirely clear to the Court, it seems Dr. Ahn argues that his defamation *per se* claim is not preempted by ERISA because he is not seeking benefits under the plan, and therefore, his claim does not "relate to" ERISA. Opp'n at 13. Similarly, he seems to state that because the denial codes do not reference any ERISA requirements, the denials arise from Cigna policies, and thus are not preempted by ERISA. *Id.* at 15.

The Court agrees with Cigna that Dr. Ahn's claims arise from a central matter of plan administration. *See* Reply at 7 ("[C]ommunicating benefits determinations to subscribers and

10

beneficiaries—activity which ERISA expressly requires and regulates—is a central matter of plan administration."). Dr. Ahn's defamation *per se* claim is premised on statements made in EOBs sent to beneficiaries of ERISA plans. Those EOBs were sent pursuant to Cigna's obligations under ERISA to provide written notice to patients whose claims were denied, including the specific reasons for the denial.[6] In other words, the fact that Cigna sent the allegedly defamatory EOBs *pursuant to* their obligations under ERISA shows how Dr. Ahn's claims relate to ERISA.

To further support its position, Cigna maintains this Court should mirror the decisions of other courts that have held that ERISA preempts claims by medical providers alleging state law tort violations (including defamation) in connection with an insurer's decision to deny of coverage under an ERISA plan. Mot. at 24 (collecting cases). Cigna relies on *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420 (5th Cir. 2004) to argue that Dr. Ahn's defamation *per se* claim impermissibly seeks to impose state-law duties on Cigna's execution of obligations imposed under ERISA. In *Mayeaux*, the Fifth Circuit affirmed the dismissal of a physician's tort claims (including defamation) because the claims challenged the insurance carrier's "handling, review, and disposition of a request for coverage." *Id.* at 432. The court explained that allowing medical practitioners to bring defamation claims when an ERISA plan administrator decides not to cover a treatment "would undoubtedly jeopardize the relationships among the traditional ERISA entities, of which the treating physician is not one. These are the sort of claims that go to the very heart of the ERISA administration process." *Id.* at 433.

In a case nearly identical to the present where a doctor's defamation claim was preempted by ERISA, another court applied the reasoning of *Mayeaux* and found that a claim for defamation had an "undeniable connection" to the ERISA-governed plan because it required the court to delve

---

[6] See *infra* at 2 n.3 (citing 29 U.S.C. § 1133(1)).

11

into the reasons why the plaintiffs' claims for medical services were denied. *Ligotti v. United Healthcare Servs., Inc.*, No. 16-60558, 2017 WL 7731869, at *3 (S.D. Fla. Mar. 10, 2017).

The Court construes Dr. Ahn's Opposition as arguing that the statutory objectives identified by the *Mayeaux* court that supported their finding of preemption[7] do not apply to the present case because "accusing a medical professional of being 'unlicensed' does nothing to establish standards of conduct, responsibility and obligation for fiduciaries of employee benefit plans." Opp'n at 12-13. Dr. Ahn's attempt to distinguish *Mayeaux* is unavailing. Ultimately, Dr. Ahn seeks to litigate statements made as a result of Cigna's administration of several ERISA plans. Because Dr. Ahn brings a claim concerning the "handling, review, and disposition of a request for coverage," *Mayeaux*, 376 F.3d at 432, the Court concludes his claim is so intertwined with multiple ERISA plans that it "relates to" employee benefit plans, and thus, is preempted. *See Ingersoll-Rand*, 498 U.S. at 140; *see also Thomas v. Telemecanique, Inc.*, 768 F. Supp. 503, 506 (D. Md. 1991).

## C. Damages

Because Cigna is entitled to summary judgment on preemption grounds, the Court need not address its argument that Dr. Ahn cannot prove damages. Mot. at 34-39.

## V. CONCLUSION

For the foregoing reasons the Court will **GRANT** Cigna's motion for summary judgment. An appropriate Order accompanies this Opinion.

Dated: March 17, 2025

Evelyn Padin, U.S.D.J.

---

[7] *See Mayeaux,* 376 F.3d at 432 (quoting 29 U.S.C. § 1001(a), (b)) ("Relevant statutory objectives include establishing uniform national safeguards "with respect to the establishment, operation, and administration of [employee benefit] plans," and "establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans.").